UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/2023
```

HARLEY FREEMAN,

                  Plaintiff,

  -against-

INTERCONTINTAL HOTELS GROUP RESOURCES, LLC,

                  Defendant.

20-cv-7585 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Harley Freeman ("Plaintiff") commenced this action on September 16, 2020 in New York State Court, Rockland County. (*See* ECF No. 4 (Removal Petition) and ECF No. 4, Exh. 4 (Complaint or "Compl.")). The action was removed to federal court on September 16, 2020 pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (*See* Removal Petition.) Plaintiff brings a negligence claim against Intercontinental Hotels Group Resources, LLC ("Defendant") following injuries he sustained when he tripped on a curb of a walkway on a hotel property owned and maintained by Defendant. (Compl. ¶¶ 15, 16, 19, 24, 25–26.)

    Now before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56, seeking to dismiss Plaintiff's complaint in its entirety. For the following reasons, the Court DENIES the motion.

## BACKGROUND

    The facts below are taken from the parties' Rule 56.1 statements, affidavits, declarations, and exhibits, and are not in dispute except where so noted. All rational inferences are drawn in Plaintiff's favor.

1

Plaintiff typically stayed at the Candlewood Suites (the "Hotel") located in Nanuet, NY, which is owned and operated by Defendant, on his visits to New York for work and had been to the Hotel more than 10 previous times since 2012. (ECF No. 28 ("56.1 Statement") ¶ 2.) Plaintiff had been at the Hotel for two days at the time the accident occurred. (*Id.* ¶ 3.)

On February 13, 2019, Plaintiff tripped and fell on a walkway adjacent to the Hotel's parking lot, which was covered in ice. (56.1 Statement ¶ 1; (ECF No. 27., Exh. 1 ("56.1 Counterstatement") ¶ 1.) Specifically, Plaintiff's left foot first tripped on a curb that was unevenly raised above the sidewalk next to the asphalt parking lot. (56.1 Counterstatement ¶ 11.) After tumbling on the curb, Plaintiff hit an ice patch with his right foot, which caused him to slip and fall and become injured. (56.1 Statement ¶ 15.) Plaintiff was not looking at the curb at the precise moment that his foot tripped due to the uneven curb. (56.1 Counterstatement ¶ 26.)

The accident occurred at approximately 8:15 AM. (56.1 Statement ¶ 4.) The weather that day was partly cloudy or clear and it was daylight when Plaintiff left his room. (*Id.* ¶ 5.) Plaintiff was wearing a light winter coat and rubber soled shoes. (*Id.* ¶ 6.) Plaintiff was heading towards the parking lot where his car was parked. (*Id.* ¶¶ 8, 10.)

The parties dispute several facts, including (i) the height in which the curb was raised above the adjacent sidewalk (*see* ECF No. 30 ("Def's 56.1 Reply") ¶ 24) and (ii) whether Plaintiff saw the uneven condition before he tripped on it (*id.* ¶ 18). In addition, Plaintiff questions the veracity of testimony provided by the then-Hotel manager, Danielle Ewart, who stated that she never received any complaints from any employees or guests about the walkway or the curb in the area where the incident occurred. (56.1 Statement ¶ 34.) Plaintiff also questions the veracity of Ewart's testimony that in or around February 2019, she performed daily inspections of the building in the

morning and evenings, and that such inspections were also performed by employee Ricky Malivert three times a day. (*Id.* ¶¶ 36, 37.)

Plaintiff's action was removed from the New York Supreme Court, Rockland County, on September 16, 2020. (ECF No. 1.) Defendant filed an answer to the complaint on September 23, 2020. (ECF No. 6.) The case was referred to Magistrate Judge Paul E. Davison on April 20, 2021 for discovery purposes. (ECF No. 11.) While the parties informed the Court that they had been engaging in settlement discussions, the parties gave no indication that settlement had been reached, and instead, the parties engaged in briefing on the instant motion for summary judgment, which was fully briefed as of November 14, 2022. (ECF No. 24; *see also* ECF No. 25 ("Def.'s Mem."); ECF No. 27 ("Pl.'s Opp. Aff."); and ECF No. 29 ("Reply")).

## **LEGAL STANDARD**

### I.      **Rule 56 Summary Judgment**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *see* Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; a*ccord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc*., 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "draw all rational inferences in the non-movant's favor," while reviewing the record. *Kirkland v. Cablevision Sys*., 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat Corp*., 609 F.3d 537, 545 (2d Cir. 2010). Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in an opposition to a motion for summary judgment "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll*., 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co*., 607 F.3d 288, 292 (2d Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation") (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

## **DISCUSSION**

Defendant seeks summary judgment on Plaintiff's sole claim in his complaint – that the walkway where he tripped on was defective and negligently maintained by Defendant. (See Def.'s Mem. at 1.).

To prove a claim of negligence under New York law, a plaintiff must establish by a preponderance of the evidence that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach caused the plaintiff's injuries; and (4) the plaintiff suffered damages. *Green v. Schindler Elevator Corp.*, No. 19 CIV. 4677 (LLS), 2022 WL 4484542, at *3 (S.D.N.Y. Sept. 27, 2022) (citing cases). In addition, it is well established "that . . . landowners [in New York] owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition." *Duguay v. City of New York*, 861 F. Supp. 2d 236, 245–46 (S.D.N.Y. 2012) (citing *Tagle v. Jakob*, 97 N.Y.2d 165, 168, 737 N.Y.S.2d 331, 763 N.E.2d 107 (2001)).

"[A] defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence." *Kyte v. Mid Hudson Wendico, Inc.*, 131 A.D.3d 452, 453, 15 N.Y.S.3d 147 (2d Dep't 2015)*; see Powers ex rel. Powers v. 31 E 31 LLC*, 24 N.Y.3d 84, 93, 95 (2014). Once a defendant makes a prima facie showing, "the plaintiff must come forward with evidence capable of showing that the defendant either: (1) created the defect; or (2) had actual or constructive notice of the defect." *Green.*, 2022 WL 4484542, at *4*; see Rodriguez v. 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 913 N.Y.S.2d 189 (1st Dep't 2010) (citing *Smith v. Costco Wholesale Corp.*, 50 A.D.3d 499, 500, 856 N.Y.S.2d 573 (1st Dep't 2008)).

A landowner has actual knowledge of a defect if he created it or received reports of its existence. *See Lewis v. Metropolitan Transp. Auth.*, 99 A.D.2d 246, 472 N.Y.S.2d 368, 371-72 (1st Dep't), *aff'd*, 64 N.Y.2d 670, 485 N.Y.S.2d 252, 474 N.E.2d 612 (1984). In contrast, a landowner has constructive knowledge if the defect is "visible and apparent" and it exists "for a sufficient length of time prior to the accident to permit [a landowner's] employees to discover and remedy it." *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986).

### A. *Whether there were defects or inherently dangerous conditions*

Defendant first argues that there was no defect or inherently dangerous condition at the scene of the event. The purported defect includes both the lip created by the heightened parking lot curb and the snow/ice at the scene of the incident.

Defendant points to photographs showing the heightened curb where Plaintiff tripped, and the icy conditions on that day. *See* ECF No. 26 ("Goldstein Decl."), Exhs. E, G, H, I, J, K.). Defendant argues that the photographs "confirm" that there were no dangerous conditions present at the location of Plaintiff's accident because the uneven height of the curb was "open, obvious, unobstructed and readily observable by Plaintiff's reasonable use of his senses." (Def.'s Mem. at 8.) Defendant also argues that Plaintiff fails to establish that the parking lot curb was negligently designed, and that Plaintiff has failed to retain any expert supporting such a claim, or point to any statutes, ordinances, or codes that the heightened curb violates. (Def.'s Mem. at 10–11.)

While Defendant is correct that Plaintiff failed to retain an expert or point to any municipal code or ordinance that was purportedly violated in connection with the design of the curb, failure to do so, by itself, does not entitle Defendant to summary judgment. A jury may find that Defendant acted negligently in constructing the curb so that it is taller than the abutting sidewalk, or that Defendant acted negligently by failing to clear out the ice and snow near the heightened

6

curb. *See Fosmire v. Kohl's Dep't Stores, Inc.*, No. 07-CV-6027, 2009 WL 891798, at *3 (W.D.N.Y. Mar. 31, 2009) ("A jury could find the particular sloping lip configuration used by Kohl's to guide pedestrians into its store incorporated a difficult to detect tripping hazard for the unwary customer. Factors which make the defect difficult to detect require an assessment of the hazard in view of the peculiar facts and circumstances and render summary judgment inappropriate.") (internal citation and quotation omitted) (cleaned up). Notably, Defendant fails to proffer its own expert to support its argument that there is no defect.

The Court also rejects Defendant's argument that it is entitled to summary judgment in its favor because the conditions at the scene of the incident (*i.e.* the heightened curb and icy conditions) were undisputedly open and obvious, and therefore not inherently dangerous. (See Def. Mem. at 8; Reply at 5–6.) "The issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question," but "a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion . . . on the basis of clear and undisputed evidence." *Kastin v Ohr Moshe Torah Inst., Inc.*, 95 N.Y.S.3d 292, 294 (2d. Dept 2019) (citing *Tagle v Jakob*, 97 N.Y.2d 165, 169, 737 N.Y.S.2d 331 (2001).

Defendant argues that the photographs clearly show that it is obvious to see the difference in height between the sidewalk and curb. The Court disagrees. Two of the photographs presented by Defendant show what the sidewalk and abutting curb look like under snowy conditions like those present on the day of the incident. (*See* Goldstein Decl., Exhs. J and K). In those two pictures, snow covers the curb in a way that might make it difficult to perceive the height difference between the curb and the abutting sidewalk. (*See id*.). A jury reviewing those photographs may

find that under certain snowy/icy conditions, the elevated height of the curb is not "open and obvious."[1]

In any event, "the law is clear that '[e]vidence that the dangerous condition was open and obvious cannot relieve the landowner" of the burden to exercise reasonable care in maintaining the property in a safe condition." *Id*. (citing *Cupo v Karfunkel*, 1 A.D. 3d 48, 52 (2d Dep't 2003)); *see also Tuthill v. United States*, 270 F. Supp. 2d 395, 399 (S.D.N.Y. 2003) ("whether a condition was readily observable impacts on plaintiff's comparative negligence and does not negate defendant's duty to keep the premises reasonably safe.") (citing *Pelow v. Tri–Main Development*, 757 N.Y.S.2d 653, 655 (4th Dep't 2003)).

Therefore, the Court finds that there is a genuine issue of fact regarding whether there was a defect and/or dangerous conditions.[2]

### B. *Whether Defendant had actual or constructive notice of the defects*

With respect to whether Defendant had actual or constructive notice of the heightened curb abutting the parking lot sidewalk, Defendant states that the "parking lot curb was intentionally designed to be slightly higher than the abutting sidewalk/walkway to help prevent cars from

---

[1] The Court notes that neither of the parties discuss how long the snow/ice had been laying on the ground, nor the quantity of ice/snow on the ground. Plaintiff states that the snow was allegedly "dirty in color" (*see* Pl.'s Opp. Aff. ¶ 8, citing Goldstein Decl., Exh. E. (Freeman Dep. Tr. 124:7-11)) and suggests that the snow was on the ground at least for some time long enough for Defendant to have constructive notice. (*Id*.)

[2] Defendant expressly states that it makes no argument pursuant to the trivial defect doctrine. (*See* Reply at 7–8.) The trivial defect doctrine is "grounded on a fundamental principle that spans all types of liability: that if a defect is so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence, and yet an accident occurs that is traceable to the defect, there is no liability." *Hutchinson v. Sheridan Hill House Corp*., 26 N.Y.3d 66, 81, 41 N.E.3d 766 (2015) (internal citations and quotations omitted); *see also Natijehbashem v. United States*, 828 F. Supp. 2d 499, 506 (E.D.N.Y. 2011) ("[A] property owner may not be held liable . . . for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip.") (citing *Dery v. K Mart Corp*., 924 N.Y.S.2d 154, 156 (2d Dept.2011)). "In determining whether an alleged defect is trivial as a matter of law, a court must consider all of the facts and circumstances presented in each case, 'including the width, depth, elevation, irregularity and appearance of the defect, along with the time, place and circumstance of the injury.'" *Id*. at 507 (citing *Trincere v. County of Suffolk*, 90 N.Y.2d 976, 977-78 (1997)). Because Defendant explicitly states it does not seek summary judgment under the trivial defect doctrine, the Court will not consider it here.

driving up onto the sidewalk from the parking lot." (*See* Reply at 2.) Therefore, the Court finds that Defendant concedes that there was actual notice as to the design of the curb.

In its briefs, Defendant does not address whether it lacked actual or constructive knowledge of the ice/snow that covered the scene of the incident. "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell." *Hanney v. White Plains Galleria, LP*, 157 A.D.3d 660, 661, 68 N.Y.S.3d 522 (2d Dep't 2018) (citing *Rong Wen Wu v. Arniotes*, 149 A.D.3d 786, 787, 50 N.Y.S.3d 563, 564 (2d Dep't 2017) and *Birnbaum v. New York Racing Ass'n, Inc.*, 57 A.D.3d 598, 598, 869 N.Y.S.2d 222, 223 (2d Dep't 2008)). The only evidence that the Court identifies on the record that is relevant to this issue is the deposition testimony by former Hotel manager, Ms. Ewart, who stated that she and one of her subordinates, Ricky Malivert, performed daily inspections of the walkways surrounding the hotel in February 2019. (*See* Goldstein Decl., Exh. F, Ewart Dep. Tr. 38:18–41:25. However, Ms. Ewart's testimony only describes general inspection practices, and does not specify when the area was last inspected prior to Plaintiff's accident. See *Lorenzo v. Plitt Theatres, Inc.*, 267 A.D.2d 54, 56, 699 N.Y.S.2d 388, 390 (1st Dep't 1999) ("Since defendant's witness discussed only the general cleaning routines at the theater, and not specifically when the theater was last cleaned and inspected prior to the accident, this testimony was insufficient to show [lack of notice].") Therefore, the Court finds that Defendant failed to satisfy its prima facie burden of showing lack of notice as to the icy conditions at the scene of the incident.

C. *Proximate cause and comparative negligence*

Defendant argues that Plaintiff's tripping on the curb was the proximate cause of his injury, and that his injuries were not caused by any negligence on the part of Defendant. (*See* Reply at 8–

9

9.) Defendant avers that "but for" Plaintiff's tripping and stumbling on the curb, he would not have come into contact with the ice around the walkway and injured himself. (*Id*. at 8.)

The Court finds that the issue of proximate cause and comparative negligence is one to be determined by the jury. As noted above, whether the curb's lip created by the elevated height was "open and obvious" such that Plaintiff should have reasonably avoided tripping on it is a fact question that the jury should assess. *See Borley v. United States*, 22 F.4th 75, 82 (2d Cir. 2021) ("where a plaintiff claims that a landowner breached its overall duty to keep customers safe, such "openness and obviousness," without more, go at most to comparative negligence.") (citing *Baran v. Port Auth. of N.Y. & N.J.*, N.Y.S.3d 685, 686 (2d Dep't 2021) and *Holly v. 7-Eleven, Inc.*, 834 N.Y.S.2d 870, 870 (2d Dep't 2007)); *see also Tuthill*, 270 F. Supp. 2d at 399 ("The question of whether a hazard is open and obvious is normally one that goes to the jury unless only one possible conclusion may be drawn from the undisputed facts."); *Chaney v. Starbucks Corp.*, 115 F. Supp. 3d 380, 386 (S.D.N.Y. 2015) (same) (citing *Tagle*, 97 N.Y.2d at 169, 737 N.Y.S.2d 331, 763 N.E.2d 107).

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion for summary judgment. The parties are directed to appear for a telephonic pre-trial conference on September 14, 2023, at 11:00 am, ET. To access the telephonic pre-trial conference, please follow these instructions: (1) dial the meeting number: (877) 336-1839; (2) enter the Access Code: 1231334#; (3) press pound (#) to enter the conference as a guest.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

Dated:  July 7, 2023  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge